**Johnston A. Mitchell**
OSB 924060
johnston@coersmitchell.com
**Christine Coers-Mitchell**
OSB 922600
christine@coersmitchell.com
COERS MITCHELL LAW LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for Defendants Alison Hohengarten and Francis Hansen & Martin LLP

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>THOMAS BRYON CATTELL,<br><br>                   Debtor. | Case No. 19-33823-dwh13 |
| THOMAS BRYON CATTELL, an individual,<br><br>                   Plaintiff,<br><br>          v.<br><br>CONNOR DEEKS, an individual, and<br>PRICEWATERHOUSECOOPERS, LLP, a<br>Delaware Limited Liability Partnership,<br>ALISON HOHENGARTEN, an individual<br>and an Oregon lawyer, FRANCIS<br>HANSEN & MARTEN LLP, an Oregon<br>Limited Liability Partnership,<br><br>                  Defendants. | Adv. Proc. No.<br><br>NOTICE OF REMOVAL |

Defendants Alison Hohengarten ("Hohengarten") and Francis Hansen & Martin LLP

("FHM") provide notice of removal of the proceeding entitled *Thomas Bryon Cattell v. Connor*

*Deeks, et al.,* filed in the Circuit Court of the State of Oregon for Multnomah County as Case No.

20CV04254 ("Proceeding"). Hohengarten and FHM remove this Proceeding in its entirety to the United States Bankruptcy Court for the District of Oregon pursuant to the following statutes and rules: 28 U.S.C. §§ 157, 1452 and 1334; (b) Fed. R. Bankr. P. 9027; (c) LR 2100-1, 2100-3 and 2100-7; and (d) LBR 9027-1. This notice is supported by the declarations of Johnston A. Mitchell and Holly C. Hayman and the exhibits attached to those declarations. In support of this notice, Hohengarten and FHM state the following:

## SUMMARY OF FACTS SUPPORTING REMOVAL

**A.      The Parties.**

1.      The allegations and claims in this Proceeding arise from an extended dispute between the Debtor Thomas Bryon Cattell ("Debtor") and Victoria Deeks regarding their relationship and certain assets and liabilities. Their dispute is the subject of a mediated settlement agreement, multiple judicial proceedings and several court orders.

2.      FHM, through its attorneys, has represented Victoria Deeks in various aspects of its client's dispute with the Debtor. Hohengarten is an attorney at FHM and one of the attorneys who has represented Victoria Deeks.

3.      Defendant Connor Deeks is Victoria Deeks' son. The Debtor alleges Connor Deeks works for defendant PricewaterhouseCoopers, LLP ("PwC"). The Debtor alleges that Connor Deeks, as an agent for or with the authority of PwC, was involved in the Debtor's and Victoria Deeks' financial activities and breached certain duties.

**B.      The Debtor and Victoria Deeks.**

4.      The Debtor and Victoria Deeks began a relationship in 2013.

**COERS MITCHELL LAW LLC**
**2100 NE Broadway St., Ste. 105**
**Portland, Oregon  97232**
**T (503)719-6795 | F (503)374-9068**

5.      At the time, Debtor's company, Chelsea Trees, Inc. ("Chelsea"), owned real property on Skyliners Road, Bend, Oregon ("Skyliners Road Property"). Debtor dreamed of building improvements on the Skyliners Road Property, including a home.

6.      In the fall of 2013, the Debtor and Victoria Deeks borrowed $400,000 from private lenders to improve the Skyliners Road Property. As part of the plan to finance the improvements, Victoria Deeks signed a lease purchase agreement with Chelsea for the Skyliners Road Property.

7.      The Debtor is a commercial fisherman. In 2014, Victoria Deeks borrowed $190,000 from Carol Williams ("Williams") to fund a fishing venture in Alaska for the Debtor. The funds were used to purchase a commercial fishing permit, boat and fishing gear.

8.      In conjunction with the loan from Williams, Victoria Deeks signed a promissory note, which provided for interest at 6% per annum, monthly interest payments, and payment of the principal and all other amounts owing on June 1, 2019 ("Williams Note").

9.      In 2015, Chelsea deeded the Skyliners Road Property to Victoria Deeks.

10.      In 2016, Victoria Deeks refinanced the existing joint debt by taking out a loan of $477,600.

11.      In 2017, the Debtor and Victoria Deeks decided to part ways. They agreed that Victoria Deeks should sell the Skyliners Road Property. Cattell referred Victoria Deeks to a realtor so that she could sell the Skyliners Road Property.

**C.      Judicial proceeding to strike the Debtor's First Lis Pendens.**

12.      On June 28, 2018, the Debtor recorded a lis pendens against the Skyliners Road Property ("First Lis Pendens").

**COERS MITCHELL LAW LLC**
**2100 NE Broadway St., Ste. 105**
**Portland, Oregon 97232**
**T (503)719-6795 | F (503)374-9068**

13.     On July 6, 2018, Victoria Deeks — through her attorney — initiated a proceeding in Deschutes County Circuit Court (Case No. 18CV28096) to strike the First Lis Pendens.

14.     On August 7, 2018, Victoria Deeks granted a trust deed in favor of Williams in the Skyliners Road Property to secure the Williams Note ("Second Mortgage").

15.     On August 17, 2018, the Deschutes County Circuit Court entered an order striking the First Lis Pendens.  The Deschutes County Circuit Court also entered a judgment awarding Victoria Deeks costs and attorney fees.

## D.     The Mediated Settlement Agreement.

16.     In September 2018, the Debtor and Victoria Deeks participated in mediation to resolve their disputes.  Both parties were represented by legal counsel at the mediation.  They entered into a Mediated Settlement Agreement, which states that "the Parties agree to settle and resolve all matters."  Of note, the Debtor and Victoria Deeks agreed to sell the Skyliners Road Property and to pay specific debts from the sale proceeds — including payment of the Second Mortgage.

## E.     The Domestic Partnership Proceeding.

17.     Less than a month later, the Debtor (through his legal counsel) filed a petition seeking dissolution of a domestic partnership with Victoria Deeks in the Circuit Court in Deschutes County, Case No. 18DR22044 ("Domestic Partnership Proceeding").  The Debtor sought division of assets, including the Skyliners Road Property.

18.     The next day, the Debtor recorded a second lis pendens against the Skyliners Road Property ("Second Lis Pendens").

19.     Victoria Deeks, through her attorney, filed a response in the Domestic Partnership Proceeding stating that the Mediated Settlement Agreement governed the sale of the Skyliners

**COERS MITCHELL LAW LLC**
**2100 NE Broadway St., Ste. 105**
**Portland, Oregon  97232**
**T (503)719-6795 | F (503)374-9068**

Road Property and the distribution of sale proceeds to pay specific debts. Victoria Deeks requested specific enforcement of the Mediated Settlement Agreement.

20. Victoria Deeks, again through her attorney, filed a motion to enforce the Mediated Settlement Agreement, asserting that the Debtor was contractually bound by the Mediated Settlement Agreement ("First Motion to Enforce Settlement Agreement").

21. The Debtor, through his attorney, objected to the First Motion to Enforce Settlement Agreement.

22. On March 6, 2019, the Deschutes County Circuit Court entered a stipulated order in the Domestic Dissolution Proceeding ("Stipulated Order"). The Stipulated Order required, among other things, the net sale proceeds from the sale of the Skyliners Road Property would be held in escrow after payments listed in the Mediated Settlement Agreement were made. As a condition of the Stipulated Order, the Debtor released the Second Lis Pendens. A release was recorded.

23. Despite the Stipulated Order, the Debtor continued to interfere with the sale of the Skyliners Road Property. In fact, the first purchaser backed out of a purchase.

24. Victoria Deeks agreed to sell the Skyliners Road Property to a new buyer. But, on June 28, 2019, the Debtor recorded a third lis pendens against the Skyliners Road Property ("Third Lis Pendens").

25. Victoria Deeks, through her attorney, filed another motion to enforce the Mediated Settlement Agreement and to compel arbitration ("Second Motion to Enforce Settlement Agreement").

26. Victoria Deeks, again through her attorney, filed a petition to strike the Third Lis Pendens ("Petition to Strike Third Lis Pendens").

COERS MITCHELL LAW LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

27.     The Debtor, again through his attorney, filed an opposition to the Second Motion to Enforce Settlement Agreement.  He also filed an opposition to the Petition to Strike Third Lis Pendens.

28.     On August 16, 2019, the Deschutes County Circuit Court held a hearing on the Second Motion to Enforce Settlement Agreement, the Petition to Strike Third Lis Pendens and the Debtor's oppositions.

29.     On August 22, 2019, the Deschutes County Circuit Court entered an order granting the Second Motion to Enforce Settlement Agreement and entered a separate order striking the Third Lis Pendens and awarding costs and fees.

30.     Pursuant to and in accordance with orders entered in the Domestic Partnership Proceeding, the Skyliners Road Property was sold in September 2019.  AmeriTitle, Inc. handled the closing and acted as escrow agent.  AmeriTitle made distributions pursuant to the orders entered by the Deschutes County Circuit Court and pursuant to instructions from secured creditors.

31.     Pursuant to the orders entered by the Deschutes County Circuit Court, Hohengarten sent the Debtor's attorneys a letter advising that the sale closed and providing a closing statement.  The letter stated that "in accordance with court Orders" the net sale proceeds were being "held in our trust account to be divided per arbitration . . . , now scheduled for October 21, 2019."

**F.     The Debtor files for bankruptcy and removes Deschutes County litigation.**

32.     However, despite the orders entered by the Deschutes County Circuit Court and the Mediated Settlement Agreement, the Debtor continued to dispute the sale and distribution of

**Coers Mitchell Law LLC**
**2100 NE Broadway St., Ste. 105**
**Portland, Oregon  97232**
**T (503)719-6795 | F (503)374-9068**

sale proceeds. He then filed a chapter 13 bankruptcy a few days before arbitration — on October 17, 2019.

33.     After filing bankruptcy, the Debtor removed the Domestic Partnership Proceeding to this court, *Cattell v. Deeks,* Adv. Proc. No. 19-03123 ("Deeks Adversary").

**G.      The Debtor initiates a proceeding in Multnomah County Circuit Court.**

34.     On January 23, 2020, the Debtor filed the complaint in this Proceeding in Multnomah County Circuit Court. The Debtor alleges claims against defendants arising from the disputes of the Debtor and Victoria Deeks — including Hohengarten and FHM's representation of Victoria Deeks.

35.     With respect to Hohengarten and FHM, the Debtor alleges that they owed a fiduciary duty to the Debtor based on conduct arising from their representation of Victoria Deeks and that they breached the alleged duty by disbursing proceeds from the Skyliners Road Property in excess of that owed to Williams for the Williams Note.

36.     With respect to Connor Deeks and PwC, the Debtor alleges that they violated ORS 124.100 and breached fiduciary duties with respect to alleged partnership assets of the Debtor and Victoria Deeks.

37.     Based on representations by the Debtor's attorney and bankruptcy filings, Hohengarten and FHM understand that the Debtor intends to amend his petition in the Deeks Adversary to allege claims against Victoria Deeks based on many of the same facts and allegations alleged in the complaint filed by the Debtor in this Proceeding (Mitchell Dec. ¶ 7; Hayman Dec. ¶ 3, Ex. 1).

**Coers Mitchell Law LLC**
2100 NE Broadway St., Ste. 105
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

38.     Removal of this Proceeding and consolidation with the Deeks Adversary will not only save litigation expense and conserve judicial resources, but will prevent inconsistent rulings in matters involving the same issues.

## JURISDICTION AND VENUE

39.     This court has jurisdiction over this Proceeding pursuant to 28 U.S.C. §§ 1334 (b) and 157(a)-(b) and LR 2100-1, 2100-3 and 2100-7.  The claims brought by the Debtor are prepetition and property of the bankruptcy estate.  This Proceeding is a core matter concerning the administration of the estate under 28 U.S.C. § 157(b)(2)(a) and the liquidation of assets of the estate under 28 U.S.C. § 157(b)(2)(O).

40.     To the extent that the Proceeding is determined to be non-core, Hohengarten and FHM consent to entry of final orders or judgments by the bankruptcy court.

41.     Venue is proper under 28 U.S.C. §§ 1409 and 1452(a), because this is the district where the Proceeding was pending in state court.

## REMOVAL REQUIREMENTS

42.     Hohengarten and FHM's attorney received a copy of the complaint in this Proceeding on January 24, 2020 (Mitchell Dec. ¶ 6).  This Notice of Removal is filed within the 30-day period required by Bankruptcy Rule 9027(a)(3).

43.     Pursuant to Bankruptcy Rule 9027(b), Hohengarten and FHM will serve a copy of this notice of removal on all parties to this Proceeding.

44.     Pursuant to Bankruptcy Rule 9027(c), Hohengarten and FHM will file a copy of this notice with the Multnomah County Circuit Court.

45.     A copy of the Complaint is attached to the Notice of Removal as Exhibit 1.

COERS MITCHELL LAW LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

46.     Copies of all of the pleadings and process filed in the Circuit Court in this proceeding have been attached to the Notice of Removal (Mitchell Dec. ¶ 4; Ex. 2).

Respectfully submitted on February 20, 2020.

**COERS MITCHELL LAW LLC**

By: */s/ Johnston A. Mitchell*
Johnston A. Mitchell OSB No. 924060
Christine Coers-Mitchell OSB No. 922600

Attorneys for Defendants Alison
Hohengarten and Francis Hansen &
Martin LLP

**COERS MITCHELL LAW LLC**
**2100 NE Broadway St., Ste. 105**
**Portland, Oregon 97232**
**T (503)719-6795 | F (503)374-9068**

**Johnston A. Mitchell**
OSB 924060
johnston@coersmitchell.com
**Christine Coers-Mitchell**
OSB 922600
christine@coersmitchell.com
COERS MITCHELL LAW LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for Defendants Alison Hohengarten and Francis Hansen & Martin LLP

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>THOMAS BRYON CATTELL,<br><br>Debtor. | Case No. 19-33823-dwh13 |
| THOMAS BRYON CATTELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CONNOR DEEKS, an individual, and PRICEWATERHOUSECOOPERS, LLP, a Delaware Limited Liability Partnership, ALISON HOHENGARTEN, an individual and an Oregon lawyer, FRANCIS HANSEN & MARTEN LLP, an Oregon Limited Liability Partnership,<br><br>Defendants. | Adv. Proc. No.<br><br>DECLARATION OF JOHNSTON A. MITCHELL IN SUPPORT OF NOTICE OF REMOVAL |

I, Johnston A. Mitchell, declare:

1.      I make this declaration based on my personal knowledge.  I am over 18 years of age and competent to testify to the information in this declaration.

DECLARATION OF JOHNSTON A.
MITCHELL IN SUPPORT OF NOTICE OF
REMOVAL

COERS MITCHELL LAW LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

2.      I am one of the attorneys who represent Alison Hohengarten ("Hohengarten") and Francis Hansen & Martin LLP ("FHM") in this adversary proceeding.

3.      Attached to the Notice of Removal as Exhibit 1 is a true and correct copy of the complaint filed in *Thomas Bryon Cattell v. Connor Deeks, et al.,* filed in the Circuit Court of the State of Oregon for the County of Multnomah ("Circuit Court") as Case No. 20CV04254 ("Proceeding"), which I obtained from the Oregon eCourt Case Information service (OECI).

4.      Copies of all of the process and pleadings in the Proceeding filed in the Circuit Court as of the date of this declaration have been attached to the Notice of Removal.

5.      Attached to this declaration as Exhibit 2 is a true and correct copy of the docket in the Circuit Court for this Proceeding, which I obtained from OECI.

6.      Defendants Hohengarten and FHM and I first learned of the filing of the complaint in the Proceeding on Friday, January 24, 2020.  On that date, I received an email from Thomas Bryon Cattell's ("Debtor's") attorney Terry Scannell with a copy of the complaint.

7.      I have reviewed the complaint filed by the Debtor in the Proceeding.  I have also reviewed and compared that complaint with those filed and proposed to be filed in *Cattell v. Deeks,* Adv. Proc. No. 19-03123.  Based on those pleadings and the Debtor's representations, I believe that the proposed claims against Victoria Deeks are based on similar allegations alleged in the complaint filed by the Debtor in this Proceeding.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 20th day of February 2020, in Portland, Oregon.

*/s/ Johnston A. Mitchell*
Johnston A. Mitchell, OSB 924060

DECLARATION OF JOHNSTON A.
MITCHELL IN SUPPORT OF NOTICE OF
REMOVAL

**COERS MITCHELL LAW LLC**
**2100 NE Broadway St., Ste. 105**
**Portland, Oregon  97232**
**T (503)719-6795 | F (503)374-9068**

# REGISTER OF ACTIONS
## CASE NO. 20CV04254

| | | | |
|---|---|---|---|
| **Thomas Bryon Cattell vs Connor Deeks, Pricewaterhousecoopers LLP, Alison Hohengarten, Francis Hansen & Marten LLP** | §§§§§§ | Case Type:<br>Date Filed:<br>Location: | **Tort - General**<br>**01/23/2020**<br>**Multnomah** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Deeks, Connor** | |
| Defendant | **Francis Hansen & Marten LLP** | |
| Defendant | **Hohengarten, Alison** | |
| Defendant | **Pricewaterhousecoopers LLP** | |
| Plaintiff | **Cattell, Thomas Bryon** | **TERRY SCANNELL**<br>*Retained*<br>503 789-6566(W) |
| | 7307 SW Beveland St<br>Suite 200<br>Tigard, OR 97223 | |
| | | **CHRISTOPHER E HAYES**<br>*Retained*<br>503 776-0806(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/23/2020 | Complaint<br>*Breach of Fiduciary Duty; NOT SUBJECT TO MANDATORY ARBITRATION*<br>Created: 01/24/2020 8:49 AM |
| 01/23/2020 | **Service** |

| | |
|---|---|
| Deeks, Connor | Unserved |
| Pricewaterhousecoopers LLP | Unserved |
| Hohengarten, Alison | Unserved |
| Francis Hansen & Marten LLP | Unserved |
| Created: 01/24/2020 8:49 AM | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Cattell, Thomas Bryon | | | |
| Total Financial Assessment | | | 594.00 |
| Total Payments and Credits | | | 594.00 |
| **Balance Due as of 02/20/2020** | | | **0.00** |
| 01/24/2020 | Transaction Assessment | | 594.00 |
| 01/24/2020 | xWeb Accessed eFile | Receipt # 2020-70414 | Cattell, Thomas Bryon | (594.00) |

Mitchell Declaration
Exhibit 2 - Docket
Page 1 of 1

Case 20-03024-dwh    Doc 1    Filed 02/20/20

**Johnston A. Mitchell**
OSB 924060
johnston@coersmitchell.com
**Christine Coers-Mitchell**
OSB 922600
christine@coersmitchell.com
Coers Mitchell Law LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon  97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for Defendants Alison Hohengarten and Francis Hansen & Martin LLP

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>THOMAS BRYON CATTELL,<br><br>             Debtor. | Case No. 19-33823-dwh13 |
| THOMAS BRYON CATTELL, an individual,<br><br>             Plaintiff,<br><br>        v.<br><br>CONNOR DEEKS, an individual, and PRICEWATERHOUSECOOPERS, LLP, a Delaware Limited Liability Partnership, ALISON HOHENGARTEN, an individual and an Oregon lawyer, FRANCIS HANSEN & MARTEN LLP, an Oregon Limited Liability Partnership,<br><br>             Defendants. | Adv. Proc. No.<br><br>DECLARATION OF HOLLY C. HAYMAN IN SUPPORT OF NOTICE OF REMOVAL |

I, Holly C. Hayman, declare:

1.      I make this declaration based on my personal knowledge.  I am over 18 years of age and competent to testify to the information in this declaration.

DECLARATION OF HOLLY C. HAYMAN
IN SUPPORT OF NOTICE OF REMOVAL

Coers Mitchell Law LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

2.       I am one of the attorneys who represent Victoria Deeks in *Cattell v. Deeks,* Adv.

Proc. No. 19-03123.

3.       On February 13, 2020, I received an email from Terry Scannell's office with a

proposed amended complaint.  A copy of that proposed amended complaint is attached as

Exhibit 1.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS**

**TRUE AND CORRECT.**

Executed this 19th day of February 2020, in Portland, Oregon.

*/s/ Holly C. Hayman*
Holly C. Hayman, OSB 114146

Page 2 of 2       DECLARATION OF HOLLY C. HAYMAN
IN SUPPORT OF NOTICE OF REMOVAL

**COERS MITCHELL LAW LLC**
**2100 NE Broadway St., Ste. 105**
**Portland, Oregon  97232**
**T (503)719-6795 | F (503)374-9068**

Case 20-03024-dwh     Doc 1     Filed 02/20/20

Terry Scannell, OSB #853220
E: terry@scannellaw.com
Christopher E. Hayes, OSB #093777
E: chris@scannellaw.com
7307 SW Beveland Street, Suite 200
Tigard, OR 97223
T: 503-776-0806
*Attorneys for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT

## IN THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Thomas Bryon Cattell,<br><br>      Debtor. | Case No. 19-33823-dwh13<br><br>Chapter 13 |
| Thomas Bryon Cattell,<br><br>      Plaintiff,<br><br>v.<br><br>Victoria Deeks,<br><br>      Defendant. | Adv. No. 19-03123 |

For his First Amended Complaint the Debtor pleads as follows:

## I. *JURISDICTION & VENUE*

1.

Jurisdiction over this adversary proceeding arises under 28 U.S.C. Section 157(b) and 1334 (a) and (b). This is a core proceeding. The Plaintiff consents to the jurisdiction of this Court and to the entry of a final judgment.

Page 1

Exhibit 1- Hayman Declaration
Page 1 of 33

## II.    PARTIES

2.

Thomas Byron Cattell ("Plaintiff") at all times relevant to this Amended Complaint is and has been a resident of the State of Oregon residing in Deschutes County.    Plaintiff is the debtor in the accompanying bankruptcy proceeding cited in the caption of this Amended Complaint.  On January 16, 2020, the Plaintiff was diagnosed as having a high likelihood of being autistic which interferes with his ability to process information. The Plaintiff had this condition at all times relevant to this Amended Complaint. Deeks is a licensed nurse and as such would have specific knowledge of the symptoms and conditions associated with the Plaintiffs autism.

3.

At all times relevant to this Amended Complaint, Defendant Victoria D. Deeks ("Deeks") is and has been a resident of the State of Oregon.

4.

Carol Williams ("Williams") is Deeks' Aunt.  At all times relevant to this Amended Complaint Williams was a resident of the State of Florida.  Williams entered into a loan agreement in the State of Oregon and was paid the proceeds from the sale of property which is an asset of the bankruptcy estate or whose proceeds are an asset of the estate.

## III.  FACTS COMMON TO ALL CLAIMS

5.

In 1988, Plaintiff purchased a 40-acre tract of land outside of Bend, Oregon. The common address for the property is 16661 NW Skyliner Rd ("The Subject Property") The

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 2 of 33

Subject Property was held in the name of a company, Chelsea Trees, Inc. The Plaintiff was the sole shareholder and President of Chelsea Trees, Inc. This company was maintained by the law firm of Francis, Hansen, & Marten.

6.

At all relevant times, the Plaintiff lived in Oregon but is a commercial fisherman in Alaska about two months a year. He bought the Subject Property with the idea that he would eventually build his "last home" and Tumalo Falls Resort on it.

7.

From 1988 until late 2012 or early 2013 the Plaintiff took steps to build his home. His goal was delayed by newly enacted land use restrictions which prohibited him from building a house on the property. Over 20 plus years of legal battles, Oregon Measures 7, 37, and 49 restored the property rights to Plaintiff. During this time, Plaintiff installed electrical service, roads, and built a small cabin. The Plaintiff lives a simple lifestyle and has made his living doing odd jobs when he was not fishing.

8.

In 2013, the Plaintiff met Deeks. At the time they met, The Subject Property was solely in the name of the Chelsea Trees, Inc and had one loan against it for approximately $400,000. The Subject Property had positive equity of approximately $275,000. The Subject Property did not have a home on it, just the small 216 sq.ft. cabin which the Plaintiff would at times rent to Tenants, and at other times reside in himself.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 3 of 33

9.

Deeks owned a condominium in West Linn Oregon where she lived that had negative equity.

10.

At the time they met, and excluding the value of retirement accounts, Deeks had a net worth of zero or less than zero. Deeks had liabilities from her son's education, debt associated with a vehicle, and credit card debt, which the Plaintiff assumed jointly with Deeks.

11.

Deeks' retirement account with Vanguard was specifically excluded as a partnership asset.

12.

Deeks did have a well-paying job as a nurse practitioner and represented to the Plaintiff she had a gross income of approximately $120,000 a year.

13.

Deeks' living expenses were and are far higher than the Plaintiff's, who lives very simply.

14.

In the Spring of 2013, the Plaintiff and Deeks decided to form a 50-50 partnership to build a home and develop The Subject Property into a resort. The parties agreed that Plaintiff

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 4 of 33

would contribute the property along with his knowledge and experience in construction and Deeks would provide income. It was decided at the outset the two would be 50/50 partners. It was on or about this time that the liabilities described in paragraph 10 started to be paid from common funds.

15.

On June 14, 2013, Deeks sold her condominium in West Linn and the partnership contributed $22,000 to close and pay the real estate commission because the condominium did not have positive equity.

16.

On or about October 11, 2013, the Plaintiff and Deeks got a private loan from relatives for $75,000 using The Subject Property as collateral, reducing the interest rate.

17.

On or about October 18, 2013, the Plaintiff arranged to refinance the first mortgage on The Subject Property with Custom Mortgage for $325,000. Both the Plaintiff and Deeks were on the new Note and Deed of Trust. Instead of adding Deeks name to the Deed of The Subject Property at this time a "lease purchase agreement was created to protects Deeks' interest in The Subject Property.

18.

From January 2013 until approximately September of 2018 the Plaintiff and Deeks comingled their assets and their incomes. The Plaintiff paid their joint expenses out of and made

Page 5

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 5 of 33

deposits into a checking account in Deeks' name but which was used as the partnership checking account.

19.

Most weeks, Deeks would commute to the Subject Property. Many times, the Plaintiff would drive to West Linn to pick up Deeks and drive her to Bend.

20.

In the fall of 2013, the Plaintiff started to obtain the money necessary to build a home on the property. The Plaintiff got the first $5,000 from a loan from his father. This eventually grew to a loan of $88,000.00 plus interest at 5% from the Plaintiff's father. This money was put into the partnership checking accounts in Deeks' name. Other funds to build the house on the Subject Property came from credit cards, cash and unsecured loans.

21.

To the best of the Plaintiff's knowledge, all the money Deeks earned as well as well as any money the Plaintiff obtained was put into the partnership checking account that was in Deeks name.

22.

From January 2013 until late December of 2017, the Plaintiff had full access and control of these accounts and for that reason never felt it was necessary to be a signatory on the accounts. Plaintiff was responsible for and made all payments from partnership funds.

Page 6

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 6 of 33

23.

Deeks heard the Plaintiff's fishing stories from up in the Bering Sea and wanted the

Plaintiff to bring more income to the partnership. On May 21, 2014 at the urging of Deeks, the

Plaintiff agreed to return to fishing.  To accommodate that, Deeks obtained a loan from Carol

Williams, her aunt ("Williams") in the amount of $190,000. This arrangement was in keeping

with their overall partnership agreement where Deeks had income and access to credit and the

Plaintiff provided labor and knowhow.  Plaintiff had substantial experience fishing.

24.

The proceeds of this loan were used to buy a commercial fishing permit, a small boat and

fishing gear.  On or about January 26, 2015, Deeks, with Plaintiff's knowledge, refinanced the

boat and borrowed an additional $41,000.00 from Wells Fargo.

25.

A true and correct copy of the Note, which was signed only by Deeks, is attached to this

Amended Complaint as Exhibit 1.

26.

At the origination of the loan from Williams, the Note was not secured.

27.

The Plaintiff and Deeks continued to work on building a home and continued to co-

mingle their assets and to pay their joint expenses out of the partnership checking accounts and

to otherwise act as partners.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 7 of 33

28.

In order to demonstrate his commitment to Deeks and the partnership the Plaintiff deeded The Subject Property to Deeks on or about January 7, 2015.

29.

At this time, both the Plaintiff and Deeks agreed between themselves that the change in the legal title of the property did not affect any change in the nature of the partnership or their relative interests in the property.  It remained a 50/50 venture.  In addition, on April 15, 2015, both Plaintiff  and Deeks signed a Modified Promissory Note extending payment terms of the $325,000.00 note until April 11, 2016.  This modification lowered the partnership interest rate from 12% To 11%. This meant the Plaintiff and Deeks were both obligated on the Note even after the transaction of January 7, 2015.

30.

On or about April 25, 2015, Deeks obtained a loan from Bankers Health Care Grp for approximately $64,165 and another loan on or about September 11, 2015 for $67,795.00.  These were unsecured personal loans.

31.

In approximately November of 2016 the house on the property was substantially completed. It was immediately rented for $1850 per month.  Those funds were also put into the same partnership accounts.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

The cash invested into constructing the house was approximately $220,602.36. This cash was used for building materials and subcontracted labor like stone work which the Plaintiff did not know how to do.

33.

It is estimated that the Plaintiff spent hundreds of hours working on the house. At all times, Deeks knew the Plaintiff was doing this work and suffered the Plaintiff to work on their behalf and supply his labor to the Subject Property. Plaintiff also suffered a serious injury while working on behalf of the partnership.

34.

The infrastructure work such as road building, installing the electrical lines, and adding a water delivery system throughout The Subject Property added additional costs to the project of $27,645.25. The Plaintiff contributed virtually all the labor to build the house and acted as his own general contractor on the project. The completed home is 1,160sq ft, with two bedrooms and two bathrooms, with a loft.

35.

This home was completed to solidify the approved M49 land use claim within the required time frame and a first step towards establishing a passive income source for the partnership.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 9 of 33

36.

The Plaintiff and Deeks fished in Alaska in the spring of 2014, 2015 and 2016. The

Plaintiff fished alone in 2017. This produced net income of approximately $108,547.07. Those

funds were put into the partnership's bank accounts.

37.

On January 10, 2017 Deeks obtained a loan for $477,600 with AgriAccess using The

Subject Property as collateral. The proceeds of this loan were used as follows: to pay off the two

prior loans on The Subject Property of $400,000 which were at high interest rates, to pay for a

loan setup fee of $6,500, to pay a loan acquisition fee of $16,000, to pay off an auto loan for

Deeks of $3,623.47, to pay another personal loan for Deeks of $4,889.72, to pay off BHG Credit

Cards of $22,940.00, and to pay an unknown payee $16,760.25.

38.

The Plaintiff and Deeks planned to fish in Alaska in the spring of 2017.  Approximately

ten days before they were to leave, Deeks announced that she would not be going.  In order to

facilitate the Plaintiff to fish, on June 12, 2017, Plaintiff and Deeks completed a notarized

Emergency Medical Transfer of the partnership's S03T fishing permit since Deeks declaration of

not fishing in 2017.  The notarized form was completed by the Transferor and stated the

relationship between the Transferor and the Transferee was a 50-50 partnership. A true and

correct copy of that document is attached to this Amended Complaint as Exhibit 2.

//

//

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 10 of 33

39.

The Plaintiff was leaving to fish for 6 weeks in an unforgiving part of the world. Since Deeks had abruptly decided not to go fishing, the Plaintiff decided it would be best to document the fact that there was a partnership and provide for its winding up. They both signed a document that was intended to provide for an orderly wrapping up of the partnership on June 5, 2017. A copy of that document is attached to this Amended Complaint as Exhibit 3.

40.

Nonetheless, while the Plaintiff was in Alaska in the Summer of 2017, Deeks assured the Plaintiff all was well and the partnership would continue.

41.

The two continued to share income and pay expenses as they always had. This included but was not limited to the Plaintiff paying $5,000 to Deeks' attorney to defend her on her fourth or fifth DUI, collecting rents from tenants, maintaining the property and depositing the incomes into the partnership checking accounts  The payment for Deeks' attorney was made from fishing income earned from the 2017 fishing season in which Deeks did not participate.

42.

Deeks sent a text to the Plaintiff while he was still in Alaska that she was going to have her son Connor Deeks ("Connor") look over their finances.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 11 of 33

43.

On or about July 28, 2017, the Plaintiff returned from Alaska.

44.

On or about July 30, 2017, the Plaintiff was asked to come to the apartment in West Linn, which the Plaintiff helped to pay for, to meet with Connor, Dalton, and Egan Deeks. The Plaintiff initially thought this meeting was to discuss Deeks' alcohol issues and the fact that she had gotten her fourth or fifth DUI.

45.

The Plaintiff also understood that Connor wanted to look at the finances of the partnership. The Plaintiff, Deeks, Connor, Dalton, Egan, and Deeks' mother Janet were at this meeting, with Janet in an adjoining room.

46.

During the meeting it became clear that the major focus was for the Plaintiff to provide Connor with all the sign-on information and account numbers for all the partnership accounts. It was represented to the Plaintiff that this was needed to assist the partnership. Unbeknownst to Plaintiff, Connor was doing this on behalf of his mother, Defendant Deeks.

47.

Deeks assured the Plaintiff that the only reason Connor wanted to look at the partnership records was to get an understanding of its finances and to help them restructure the partnership. Prior to agreeing to the access request, the Plaintiff asked if all the resources of Price Waterhouse would be available to help with sorting out the partnership finances. Connor affirmatively

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 12 of 33

assured the Plaintiff that he would work with his team at Price Waterhouse to analyze the books and records of the partnership and help both the Plaintiff and Deeks to restructure the partnership, consolidate the debt and develop a financial plan. Connor went on at length that banks would love this type of debt consolidation.

48.

As a result of these representations, Plaintiff understood that Connor was working on behalf of the partnership as a CPA and employee of Price Waterhouse.

49.

Connor also told the Plaintiff to start the process to deposit all the fishing income from the just completed 2017 fishing season into the partnership accounts that were in Deeks' name but which the Plaintiff had full access to. The Plaintiff did this.

50.

Next, Connor insisted that the Plaintiff provide him with all the account sign on information so that he could start the work of analyzing the partnership finances and provide accounting assistance to the partnership.

51.

Connor represented to the Plaintiff that this was necessary for Connor and his team to start to work to restructure the partnership. Connor also represented that it would be no problem to obtain additional bank loans for the purpose of restructuring the partnership.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 13 of 33

Based on these representations the Plaintiff provided a detailed document which contained detailed information on the passwords, security questions, the Plaintiff's date of birth, social security number, and other personal identification information that would allow Connor total access to the accounts.

53.

On July 31, 2017 and based on the representations of Connor and Deeks to the Plaintiff as set forth in paragraphs 44 through 52 the Plaintiff provided all the confidential bank account data of the partnership to Connor.

54.

The representation contained in paragraphs 44 through 52 were false or misleading in that Connor's intention was to take control of all the assets of the partnership in order to financially assist Deeks, his mother, to the detriment of the Plaintiff. It was not until on or about February 7, 2019 when the Plaintiff was provided some of the discovery in this case that the scope of the plan started to become apparent. This is particularly true given the diminished capacity of the Plaintiff.

55.

Within days of the Plaintiff providing full access to the partnership electronic bank accounts to Connor and Connor taking full control of all the partnership assets, Connor and Deeks started to orchestrate a series of financial transactions involving the assets and the liabilities of the partnership.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 14 of 33

56.

These transactions put Deeks in a position to argue that there was "no partnership" and even if there was a partnership, the transactions effectuated by Deeks and Connor resulted in the assets and liabilities of the partnership being moved in such a manner as to leave the Plaintiff insolvent and protecting Deeks.

57.

On August 2, 2017, the Plaintiff entered into an exchange of emails with Connor in his offices at Price Waterhouse. The emails all were addressed to Connor or Devon Deeks at Price Waterhouse Cooper. Devon is another name or email address for Connor at Price Waterhouse. The general subject of the emails exchanged is restructuring the partnership.

58.

On September 12, 2017 Deeks applied for a $256,000 equity line of credit based on her purported sole ownership of The Subject Property. The Plaintiff expected this application to occur as it was represented to the Plaintiff by Deeks and Connor that this was the last step in reorganizing the finances of the partnership. The first being the mortgage financing by AgriAccess. These statements were false or misleading.

59.

In the fall of 2017, Deeks sent a text message to the Plaintiff saying in effect that Connor was making all the plans.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 15 of 33

60.

On November 10, 2017, Deeks told the Plaintiff that Connor had a plan that would result in them not having to pay back the $190,000 loan to "Aunt Carol" (Williams) for the fishing permit boat and gear. The Plaintiff did not understand this, nor did it sit well with him.

61.

On November 27, 2017, Deeks received $139,160 from the sale of the fishing permit(s) These funds were deposited into the partnership accounts. These funds were not used to payoff the debt to Williams which was directly and solely associated with the fishing permit boat and gear but were rather diverted to the sole benefit of Deeks. On or about May 25, 2018 Deeks sold the truck used for fishing in Alaska for $5500.00. Deeks also sold the fishing boat for approximately $21,000. Deeks has never accounted to Plaintiff for these funds.

62.

The funds obtained by Connor and Deeks for the fishing permit were below the market price at the time by approximately $15,000.00.

63.

On or about December 22, 2017, Connor sent an email to the Plaintiff telling him to no longer contact Connor at Price Waterhouse.

64.

On or about December 22, 2017, the Plaintiff concluded that Connor was not trying to help the partnership and restructure it for the benefit of Deeks and himself. Rather, the Plaintiff concluded that Connor was engaging in a systematic plan to lock the Plaintiff out of all the

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 16 of 33

partnership accounts and divert as much money as possible to Deeks at the expense of the Plaintiff.

65.

On December 22, 2017, the Plaintiff sent an email to Connor telling him to get out of the business and to not sell the property.

66.

On or about February 8, 2018, Deeks gave a Warranty Deed on The Subject property to Williams citing consideration as $186,000. This was the balance which was due on the note for the fishing permit, boat, and gear.

67.

On March 22, 2018, Williams deeded The Subject Property back to Deeks.

68.

On August 1, 2018, Alison Hohengarten of the Francis, Hansen & Martin law firm corresponded with Williams. At this time, Ms. Hohengarten started to make arrangements to secure the fishing debt with a trust deed on The Subject Property for $190,000.

69.

In an email on August 1, 2018, Alison Hohengarten communicated to Williams that rather than the $185,489.24 which Williams had told Ms. Hohengarten was owed on the Note from the fishing debt, Ms. Hohengarten had put $190,000 on the deed "because that is what is on

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 17 of 33

the Note." A true and correct copy of that email is attached to this First Amended Complaint as Exhibit 4.

70.

On or about August 7, 2018, Hohengarten prepared and caused a trust deed to be recorded against the Subject Property in the amount of $190,000 with Williams as grantor.

71.

The transaction described in paragraphs 65 through 70 above was fraudulent and was intended to help ensure that Williams would be paid out of the proceeds of the sale of the Subject Property while allowing Deeks to convert the $139,160 proceeds of the prior sale of the fishing permit to her own use. The transaction also allowed Williams to be over compensated in the amount of $4,510.76 which Hohengarten knew of and was aware of when she engineered the transaction. Bryon Cattell, who lent $88,000 to build the home, received no funds from this sale.

72.

On information and belief, the transaction described in paragraphs 65 through 70 was also engineered by Connor who either directly communicated the instructions on what steps needed to be taken to Hohengarten or directed Deeks who in turned directed Hohengarten.

73.

While the Plaintiff was fishing in Alaska, the Defendant entered into a sales contract on July 21, 2018 for the Subject Property with "Purchaser X." The Deeks did so without the knowledge or consent of the Plaintiff. The Plaintiff was not even told that Deeks had sold the

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 18 of 33

property until August 9, 2018. Deeks refused to provide the Plaintiff with a copy of the sales

agreement, and the purchaser's name until February 7, 2019.

74.

On September 28, 2018, Deeks and the Plaintiff held a mediation to determine how to

address a possible buyer for the property, "Buyer X." Buyer X supposedly sought to buy the

property for approximately $1.1 million. A copy of the mediation agreement is attached to this

Amended Complaint as Exhibit 5. The agreement also gave the Plaintiff an option, open for five

days. to purchase the property at a price of approximately $300,000 in excess of what Deeks had

agreed to sell the property to "Purchaser X" for. Deeks withheld this fact and other material facts

from the Plaintiff until February 7, 2019. A copy of the mediation agreement is attached to this

Amended Complaint as Exhibit 5. Exhibit 5 is not a broad agreement which allowed Deeks to

sell The Subject Property to anyone she wanted to at any price she wanted. Exhibit 5 was

specific to one purchaser, "Purchaser X".

75.

On October 18, 2018 this action was filed.

76.

In 2018 alone, the Plaintiff contributed over $20,000 of his own money to the partnership

and continued to deposit funds into the partnership bank accounts. On information and belief,

these funds were used to pay the mortgage on the Subject Property.

Page 19

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 19 of 33

77.

At a time currently unknown to the Plaintiff but prior to June 17, 2019 the sale to "Purchaser X" failed.  In September of 2019, the property was sold to another purchaser not "Purchaser X" at a price below that set forth in Exhibit 5. At the time of the sale, all the proceeds were put under the control of Ms. Hohengarten and Francis, Hansen, & Marten who directed the disbursement of the funds.

### III.    CLAIMS FOR RELIEF

### First Claim for Relief as to Deeks Only
### (Dissolution of Common Law Partnership)

78.

The Plaintiff incorporates by reference paragraphs 1 through 77 as if set forth in full herein.

79.

The two partners are at an impasse with each partner having a 50% interest in the partnership.

80.

The Plaintiff is entitled to the dissolution and winding up of the partnership described in paragraphs 1 through 75 above under the Uniform Partnership Act as engaged in Oregon ORS 67.160 as well as under Oregon common law.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 20 of 33

## Second Claim for Relief as to Deeks Only
### (Equitable Accounting)

81.

The Plaintiff incorporates by reference paragraphs 1 through 80 as if set forth in full herein.

82.

The Plaintiff is also entitled to a full accounting of the partnership from January 1, 2013 through December of 2019.

83.

The Plaintiff has no adequate remedy at law and is entitled to having a full accounting of the partnership and to an equitable division of the assets and liabilities of the partnership.

## Third Claim for Relief as to Deeks and Williams
### (Setting Aside Preferences and Transfers)

84.

The Plaintiff incorporates by reference paragraphs 1 through 83 as if set forth in full herein.

85.

This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code filed on October 19, 2019, (the "Petition Date").

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 21 of 33

86.

On September 13, 2019, which was within 90 days of the Petition Date, Plaintiff (referred to here as "the debtor") paid Williams the sum of $190,000.

87.

These payments were transfers of an interest of the debtor in property for or on account of an antecedent debt owed by the debtor before the payment was made.

88.

These payments were made while the debtor was insolvent.

89.

These payments enabled the defendants to receive more than defendants would receive if this case were a case under Chapter 7, these payments had not been made, and the defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

90.

These payments constitute an avoidable preferences and transfers under and recoverable from the defendant under the provisions of Bankruptcy Code § 550.

**Fourth Claim for Relief as to Williams**

**(Equitable Subordination)**

91.

The Plaintiff incorporates by reference paragraphs 1 through 90 as if set forth in full herein.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 22 of 33

92.

At all relevant times, Williams was an insider of the partnership as Deeks' aunt.

93.

Williams lent money to the partnership to acquire the assets need for the fishing business, including the permits, boat, truck and general gear. The loan was purchase money and constituted a lien under the UCC. Deeks then tried to secure William's loan by giving her a deed absolute to 50% of the Subject Real Property. Later, Deeks, in conjunction with her attorneys, had Williams transfer her deeded interest back to Deeks and they then recorded a Note and Trust Deed against the Subject Real Property. At the time of this Act, Deeks was trying to sell the real property. At the time of this act, Deeks had sold the assets purchased by the Williams loan and did not use the funds to pay off the Williams purchase money lien.

94.

Plaintiff lent $88,000 to the partnership to fund construction of the home. He was never given the opportunity to secure his loan at any time.

95.

The double security interest to Williams and no security interest to Plaintiff is inequitable.

96.

The revision of Williams deed absolute, a potentially avoidable interest, to a note and trust deed was inequitable.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

97.

Williams' status as a secured creditor and lien holder as to the Subject Real Property should be subordinated to the interests of all unsecured partnership creditors under 11 USC 510, such that all unsecured creditors should share in the proceeds on a pro rata basis.

**Fifth Claim for Relief as to Deeks,**

***(Breach of Fiduciary Duty)***

98.

The Plaintiff incorporates by reference paragraphs 1 through 97 as if set forth in full herein.

99.

The Plaintiff and Deeks had a business partnership pursuant to common law and ORS 67.160.

100.

As a partner of the Plaintiff, Deeks owed the Plaintiff a duty of undivided loyalty, utmost good faith, full, fair, and frank disclosure and fair dealing.

101.

Deeks breached this duty in one or more of the following specifics:

1. Failing to tell the Plaintiff when he left for Alaska that the partnership was over. Instead Deeks hid this fact from the Plaintiff and started to make plans to exit the partnership in a manner which would be to her sole benefit.

Page 24

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

2. Failing to take the money that Deeks obtained from the sale of the fishing boat and permit as described in paragraphs 65-70 and pay Williams off with it.

3. Failing to obtain full and fair value for the permits and fishing boat and accepting payment of $139,160 which was at least $15,000 under market value.

4. Diverting the $139,160 from the sale of the fishing boat and permit to her sole use.

5. Diverting the approximately $5,500 from the sale of the truck to her sole use.

6. Diverting the approximately $21,000 from the sale of the boat to her sole use.

7. Failing to disclose to the Plaintiff that she and Connor Deeks were working together to strip the partnership of all its assets and divert those assets to the greatest extent possible to Deeks to the detriment of the Plaintiff and leaving the Plaintiff with the liabilities of the partnership and none of its assets.

8. Aiding and abetting in engineering the insolvency of the Plaintiff as more specifically described in paragraphs 35 through 75.

102.

As a direct result of the acts and omissions of Deeks' the Plaintiff has been damaged in an amount of $195,660.

103.

At the appropriate time, the Plaintiff will amend the Complaint again and add claims for punitive damages.

Page 25

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 25 of 33

## Sixth Claim for Relief

## (Financial Abuse of a Vulnerable Person as to Deeks Only (ORS 124.100))

### 104.

The Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as set forth above.

### 105.

The Plaintiff is a financially vulnerable person pursuant to ORS 124.100 because of his cognitive impairment/physical condition. The Plaintiff has at all relevant times to this Amended Complaint suffered from a significant cognitive impairment. Specifically, the Plaintiff is autistic.

### 106.

Deeks wrongfully took property and money of the Plaintiff and engineered the sales of The Subject Property to his detriment.

### 107.

The above takings were done with improper means and/or for an improper purpose. Such conduct involved misrepresentation, undue influence, withholding material facts from the Plaintiff, and deceit.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 26 of 33

108.

As a result of the above wrongful takings, which constitute financial abuse, the Plaintiff

has suffered the following economic damage pursuant to ORS 31.710:

    a.  loss of money;

    b.  loss of real property

109.

Plaintiff's economic damages of approximately $$195,660.  These damages are subject to

trebling pursuant to ORS 124.100(2)(a), for total damages of $586,980.

110.

Pursuant to ORS 124.100(2)(c), Plaintiff is entitled to his reasonable attorney fees

and costs in an amount to be determined at trial.

## **Seventh Claim for Relief**

## **(Declaratory Judgment ORS 28.010, ORS 28.020, and 28.080 – Against Defendant Deeks)**

111.

Paragraphs 1 through 110 are hereby incorporated by reference as if set forth in full

herein.

112.

Under ORS 28.010 "Courts of record within their respective jurisdictions shall have

power to declare rights, status, and other legal relations, whether or not further relief is or could

be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 27 of 33

judgment is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a judgment."

113.

Pursuant to the terms of Exhibit 5, the mediation settlement agreement, the Plaintiff has a substantial legal right in the property that is at issue in this litigation. The Defendants threaten those rights and have asserted rights under the terms and conditions of Exhibit 5. The rights and obligations of the parties can be adjudicated by this Court declaring the rights and obligations of the parties herein.

114.

The Plaintiff therefore requests that the Court declare the rights and obligations of the parties under the mediation settlement agreement and enforce it pursuant to its terms and condition. Upon the Court Declaring the rights and obligations of the parties, the Plaintiff reserves the right to petition for supplemental relief.

115.

Also, the Plaintiff specifically request that the Court declare that the mediation settlement agreement was applicable only to the potential sale to "Purchaser X" and only pursuant to the terms and conditions specifically set forth in that agreement. The Plaintiff also seeks his attorney fees and costs pursuant to terms of Exhibit 5.

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 28 of 33

## Eighth Claim for Relief

## (Avoidance of Fraudulent Transfers)

### 116.

Paragraphs 1 through 115 are hereby incorporated by reference as if set forth in full herein.

### 117.

As more specifically set forth in paragraphs 44 – 110. Defendants or some of them engaged in series of transactions that resulted in the transfer assets or obligations that may constitute avoidable transfers.

### 118.

All avoidable transfers subject to 11 U.S. Code § 548 from the liquidation of partnership assets should be avoided.

## Ninth Claim for Relief

## (Avoidance of Preference Payments)

### 119.

Paragraphs 1 through 118 are hereby incorporated by reference as if set forth in full herein.

### 120.

As more specifically set forth in paragraphs 44 – 110, Defendants or some of them engaged in series of transactions that may constitute preferential payments under 11 U.S. Code §

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 29 of 33

547, or resulted in preferential payments under 11 U.S. Code § 548 to partnership and/or estate creditors that may be avoidable.

121.

All avoidable preferences under 11 U.S. Code § 5487 should be avoided.

**Tenth Claim For Relief**

**(Equitable Subordination)**

122.

Paragraphs 1 through 121 are hereby incorporated by reference as if set forth in full herein.

123.

Int the alternative to the eighth and ninth claims for relief, to the extent the security interests transferred or created as part of any of the transactions more specifically set forth in paragraph 44 -110 are deemed valid, they should be equitably subordinated to the partnership or the estate.

*PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

1. On the First Claim for Relief for an Order and Judgement dissolving and winding up the common law partnership between the Plaintiff and Deeks;

2. On the Second Claim for Relief, for a full accounting of the partnership and an equitable division of the assets and liabilities of the partnership.

Page 30

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 30 of 33

3. On the Third Claim for Relief, pursuant to sections 547, 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Preference Period Transfer, (b) directing that the Preference Period Transfer be set aside, and (c) recovering the Preference Period Transfer, or the value thereof, from the Defendants for the benefit of the bankruptcy estates;

4. On the Fourth Claim for Relief for a judgment subordinating Williams' trust deed lien to the Estate and for turnover of the related preference payment under that trust deed.

5. On the Fifth Claim for Relief for a judgment against Deeks for breach of her fidicuary duties to the Plaintiff along with damages of $195,660 and prejudgment interest at the rate of 9%

6. On the Sixth Claim for Relief, for economic damages of $195,660 trebled pursuant to ORS 124.100(2)(a), for total damages of $586,980, and for an award of his reasonable attorney fees and costs pursuant to 124.100(2)(c)

7. On the Seventh Claim for Relief: (1) for Declaratory Judgment declaring the rights and obligations of the parties under the mediation settlement agreement and enforcing the mediation settlement agreement pursuant to its terms and conditions; (2) for Declaratory Judgment that the mediation settlement agreement was applicable only to the potential sale to "Purchaser X" and only pursuant to the terms and conditions specifically set forth in the mediation settlement agreement; and (3) for an award of his Attorney Fees and costs pursuant to Exhibit 5.

8. On the Eighth Claim for Relief for the avoidance of any fraudulent transfers.

9. On the Ninth Claim for Relief for the avoidance of any preferential payments

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 31 of 33

10. For the Tenth Claim for Relief and in the alternative that any transfers found to be valid in the Plaintiff's Eight and Ninth Claims for relief be equitably subordinated to the rights of the partnership or estate.

11. For any other relief the Court finds just and right.

12. For the Plaintiff's costs and disbursements incurred herein.

DATED:  Friday, February 14, 2020

/s/ Terry Scannell
Terry Scannell, OSB #853220
E:  terry@scannellaw.com
Christopher E. Hayes, OSB #093777
E: chris@scannellaw.com
7307 SW Beveland Street, Suite 200
Tigard, OR  97223
T:  503-789-6866
*Attorneys for Plaintiff*

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 32 of 33

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, I electronically filed the foregoing document with the United States District Court using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

DATED: Friday, February 14, 2020

/s/ Terry Scannell
Terry Scannell, OSB #853220
E: terry@scannellaw.com
Christopher E. Hayes, OSB #093777
chris@scannellaw.com
7307 SW Beveland Street, Suite 200
Tigard, OR 97223
T: 503-789-6866
*Attorneys for Plaintiff*

SCANNELLAW
7307 SW Beveland St Ste 200,
Tigard, OR 97223
503.776.0806

Exhibit 1- Hayman Declaration
Page 33 of 33

# CERTIFICATE OF SERVICE

I certify that on February 20, 2020, I caused a true, exact and full copy of the NOTICE

OF REMOVAL, DECLARATION OF JOHNSTON A. MITCHELL IN SUPPORT OF NOTICE

OF REMOVAL AND DECLARATION OF HOLLY C. HAYMAN IN SUPPORT OF NOTICE

OF REMOVAL to be served on each of the following parties or persons as stated:

**By ECF Notification**:

ECF Participants

**By First Class Mail:**

| | |
|---|---|
| Terry Scannell | Thomas Bryon Cattell |
| 7307 SW Beveland Road, Suite 200 | PO Box 11 |
| Portland, OR 97223 | Bend, OR 97703 |
| | |
| James Mills | Connor Deeks |
| Law Office of James Mills | 805 SW Broadway, Suite 800 |
| 707 SW Washington St, Suite 1100 | Portland, OR 97205 |
| Portland, OR 97205 | |
| | |
| Connor Deeks | Mark Pallone, Partner |
| 4116 SE 66th Avenue | PricewaterhouseCoopers, LLP |
| Portland, OR 97206 | 300 Madison Avenue |
| | New York, NY 10017 |
| | |
| Kieran Claffey, Partner | Bernard John Casey |
| PricewaterhouseCoopers, LLP | Stoel Rives LLP |
| 300 Madison Avenue | 760 SW Ninth Avenue, Suite 3000 |
| New York, NY 10017 | Portland, OR 97205 |

Dated: February 20, 2020.

COERS MITCHELL LAW LLC

By: */s/ Johnston A. Mitchell*
Johnston A. Mitchell OSB No. 924060
Christine Coers-Mitchell OSB No. 922600

Attorneys for Defendants Alison Hohengarten
and Francis Hansen & Martin LLP

COERS MITCHELL LAW LLC
2100 NE Broadway St., Ste. 105
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

Case 20-03024-dwh    Doc 1    Filed 02/20/20